IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CAMILLA BAKER-SMITH,                                                    PLAINTIFF

v.                                               CIVIL ACTION NO. 3:13-CV-00140-KS-WC

DAN M. HEALEN, et al.                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court grants in part and denies in part Defendant's Motion for Summary Judgement [82].

## I. BACKGROUND

This case arises from an automobile accident on Interstate 85 in Macon County, Alabama, on May 19, 2011. *Id*. at 4. Defendant Dan Healen and his wife were traveling northbound when he noticed the cars ahead had stopped. He then tried to stop his car, but was unable to. Healen shifted the car into second gear to slow down and tried to bank the car off the bridge to stop. But he bounced off the bridge and hit another car, which bounced into Plaintiff's car.

Plaintiff filed this action in the Circuit Court of Macon County, Alabama on January 31, 2013 against Healen and Alfa Insurance Company. (See Doc. 1, Exhibit A, Complaint at p. 1-2.) Healen removed the case on March 4, 2014, on the basis of diversity jurisdiction. Plaintiff asserts the following claims under Alabama law: (I) Negligent Operation of a Motor Vehicle, (II) Wanton Operation of a Motor Vehicle, (III) Negligent and/or Wanton Entrustment, (IV) Claim for Uninsured and/or Uninsured Motorist Benefits, (V) Respondeat Superior, (VI) Negligent Repair/Maintenance/Manufacture of Equipment, (VII) Wanton Repair/Maintenance/Manufacture of Equipment, and (VIII) Negligence Per Se-Violation of Safe Break Act. Defendant Healen filed a Motion for Partial Summary Judgement [82], which the Court now considers.

## II. STANDARD OF REVIEW

Rule 56 provides: "[I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecommunications, Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (citing Fed. R. Civ. P. 56(c)). The moving party must "inform[…] the district court of the basis for its motion, and identify[...] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

If the movant meets this burden, the non-moving party "may not rest upon the mere allegations or denials of the […] pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." *Gonzalez v. Lee County Hous. Auth.*, 161 F.3d 1290, 1294 (11th Cir. 1998). "If the non-moving party fails to 'make a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' then the court must enter summary judgment for the moving party." *Id.* (quoting *Celotex*, 477 U.S. at 323). However, "[i]n determining whether genuine issues of material fact exist, we resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L.Ed.2d 202 (1986)).

## III. DISCUSSION

In response to Defendant's Motion for Partial Summary Judgment [82], Plaintiff consented to summary judgment on counts VI, VII, and VIII. Plaintiff also conceded that summary judgment is appropriate as to counts III and V, which the Court will deem a withdrawal

of those claims. Therefore, the only claim to be addressed here is Count II, Wanton Operation of a Motor Vehicle.

Wantonness is "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." *Ala. Code* 1975, § 6-11-20(b)(3). "[T]o be guilty of wanton conduct it must be shown that with reckless indifference to the consequences [one] consciously and intentionally did some wrongful act or omitted some known duty which produced the injury." *Stallwoth v. Illinois Central Gulf R.R.*, 690 F.2d 858, 863 (11th Cir. 1982) (citing *English v. Jacobs*, 263 Ala. 376, 82 So.2d 542, 544 (1955)). It is undisputed that Defendant made a conscious decision to attempt to bank off the bridge to stop his car instead of pursuing another course of action, such as driving off the road. Likewise, it is undisputed that Defendant's actions caused Plaintiff to suffer an injury. The question is whether Defendant's decision qualifies as acting with "reckless indifference to the consequences." *Id*.

Defendant argues that the *Essary* presumption - that "every person in possession of his normal faculties in a situation known to be dangerous to himself, will give head to the instincts of safety and self-preservation to exercise ordinary care for his own personal protection" – bars a finding of wantonness. *Ex parte Essary*, 992 So.2d 5, 12 (Ala.2007) (quoting *Atlantic Coast Line R. Co. v. Wetherington*, 16 So.2d 720, 723 (1944)). Defendant contends that the decision to try and bank the car off the bridge was not "inherently reckless" under the circumstances.

Defendant also argues that he was not "inherently reckless" because the sudden emergency doctrine applies. This doctrine provides that "a person faced with sudden emergency calling for quick action is not held to the same correctness of judgment that would apply if he had had the time and opportunity to consider fully and choose the best means of escaping peril or

preventing injury." *Dairyland Ins. Co. v. Jackson*, 566 So.2d 723, 727 (Ala. 1990) (citing *Jefferson County v. Sulzby*, 468 So.2d 112 (Ala. 1985)).

There is some merit to Defendant's arguments, but, ultimately, these questions belong to the jury. The question of "wantonness should be submitted to a jury unless there is a total lack of evidence from which the jury could reasonably infer wantonness." *Monroe vs. Brown*, 307 F.Supp.2d 1268, 1271-72 (M.D. Ala. 2004) (citing *McDougle vs Shaddrix*, 534 So.2d 228, 231 (Ala. 1988)). Likewise, whether the *Essary* presumption or sudden emergency doctrine applies is a question for the jury. *See Atlantic*, 16 So.2d at 723; *Friedlander v. Hall*, 514 So.2d 914, 915 (Ala. 1987) (citing *Rollins v. Handley*, 403 So.2d 914, 917 (Ala. Civ. App. 1980)).

A genuine dispute of material fact exists as to whether Defendant's brakes actually malfunctioned. Defendant claims that his brakes went out, but he also testified that he saw the State Trooper press "his foot on the pedal and [say] he felt resistance," indicating to Defendant that the brakes worked. (Dan Healen deposition, page 78 line 1 through line 11.) Even if Defendant's brakes went out, a jury could reasonably conclude that his decision to bank off the bridge was "inherently reckless." It is undisputed that Defendant had enough time to weigh his options and choose a course of action. Therefore, a jury must decide whether his decision qualifies as "inherently reckless."

### III. CONCLUSION

For these reasons, the Court **grants** in part and **denies** in part Defendant's Motion for Partial Summary Judgment [82]. The Court grants the motion as to Counts VI, VII, and VIII of the Second Amended Complaint [25]. The Court denies it in all other respects. The Court further notes that Plaintiff has withdrawn Counts III and V.

SO ORDERED AND ADJUDGED, on this, the __5th____ day of June, 2017.

s/Keith Starrett
UNITED STATES DISTRICT JUDGE